UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NOS.: 1:21CR48 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN ADAMS |
| v. | ) | |
| KENNETH SHARP, | ) | **ORDER** |
| Defendant. | ) | |

On August 13, 2021, Defendant Kenneth Sharp moved to dismiss the indictment against him alleging that his speedy trial rights had been violated. On September 14, 2021, the Court marginally denied his motion and indicated that a subsequent order would issue detailing the Court's rationale. This order will serve to provide the Court's reasoning for denying Sharp's motion to dismiss.

The Speedy Trial Act requires that criminal defendants be brought to trial within a specified period of time, with certain specified exceptions that warrant a delay. 18 U.S.C. § 3161(c)(1), (h). If a defendant is not brought to trial within the time limit required under the Speedy Trial Act, after taking into consideration any of the statutory exceptions that permit a delay, the "indictment shall

1

be dismissed on motion of the defendant." 18 U.S.C. § 3162(a)(2). The defendant has the burden of proof to support such a motion to dismiss the indictment. *Id*. As relevant here, a district court may exclude the period of any continuance from Speedy Trial Act calculations "on [its] own motion" based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The Speedy Trial Act contains a non-exclusive list of factors that a district court may consider when conducting this ends-of-justice analysis. *Id*. at § 3161(h)(7)(B). Those factors include whether the failure to continue the proceeding would make the proceeding "impossible" or otherwise "result in a miscarriage of justice." *Id*. A continuance on this basis does not require the defendant's consent. *United States v. Jones*, 795 F.3d 791, 798 (8th Cir. 2015).

Emergency conditions that result in widespread societal impact may warrant an ends-of-justice exclusion of time under the Speedy Trial Act. *See, e.g., United States v. Scott*, 245 F. App'x 391, 394 (5th Cir. 2007) (affirming ends-of-justice exclusion of time following Hurricane Katrina); *Furlow v. United States*, 644 F.2d 764, 768 (9th Cir. 1981) (affirming ends-of-justice exclusion of time following volcanic eruption of Mount St. Helens); *United States v. Correa*, 182 F. Supp. 2d 326, 329 (S.D.N.Y. 2001) (excluding time under Speedy Trial Act in the interest of justice following September 11, 2001 terrorist attack). The ongoing COVID-19 pandemic has resulted in multiple federal district courts excluding time under the Speedy Trial Act based on ends-of-justice findings. *See, e.g., United States v. Pond*, No. 18-50106-JLV, 2020 WL 3446677, at *2 (D.S.D. June 24, 2020) (concluding that trial continuances due to COVID-19 pandemic did not violate Speedy Trial Act); *United States v. Smith*, ––– F. Supp. 3d –––, –––, 2020 WL 2541713, at *6 (E.D. Cal. May 19, 2020) (excluding time under Speedy Trial Act in part because district court

was "unable to safely hold a jury trial ... for, at least, another four months" in light of COVID-19 pandemic).

Herein, Sharp alleges that his speedy trial clock began to run on the date the Government filed its superseding indictment, March 11, 2021. Sharp then notes that his time frame was immediately tolled because at the time of the superseding indictment, Sharp had a pending motion to suppress. Sharp then continues, asserting that his time began to run again on May 6, 2021 – 30 days after the conclusion of the Court's hearing on his motion to suppress. Sharp then contends that no additional time should be tolled and that the charges should against him should be dismissed as a result.

On March 16, 2020, six months before the initial complaint was filed against Sharp, the District issued its first general order related to the COVID pandemic. The order noted:

> Criminal trials will not proceed unless absolutely necessary. The Court is cognizant of the right of criminal defendants to a speedy and public trial under the Sixth Amendment, and the particular application of that right in cases involving defendants who are detained pending trial. Individual judges presiding over criminal proceedings should take such actions consistent with this order as may be lawful and appropriate to ensure the fairness of the proceedings, preserve the rights of the parties, and ensure the health and well-being of all participants.

On March 23, 2020, the District issued an amended general order that read:

> Due to the Court's reduced ability to obtain an adequate spectrum of jurors and the effect of the public health recommendations on the availability of counsel and court staff to be present in the courtroom, the time period of the continuances implemented by the General Order will be excluded under Speedy Trial Act, as the Court specifically finds that the ends of justice served by ordering the continuances outweigh the interest of the public and any defendant's right to a speedy trial pursuant to 18 U.S.C. Section 3161(h)(7)(A). Accordingly,
>
> 1. No jury trial will be commenced before May 1, 2020. Any trial dates currently scheduled during that period are vacated.

On April 20, 2020, the District again amended its General Order:

3

> Due to the Court's reduced ability to obtain an adequate spectrum of jurors and the effect of the public health recommendations on the availability of counsel and court staff to be present in the courtroom, the time period of the continuances implemented by the General Order will be excluded under Speedy Trial Act, as the Court specifically finds that the ends of justice served by ordering the continuances outweigh the interest of the public and any defendant's right to a speedy trial pursuant to 18 U.S.C. Section 3161(h)(7)(A). Accordingly,
>
> 1. No jury trial will be commenced until after June 12, 2020. Any trial dates currently scheduled through June 12, 2020 are vacated.

On May 22, 2020, yet another amended General Order was issued:

> Due to the Court's reduced ability to obtain and protect an adequate spectrum of jurors, and the effect of the public health recommendations on the availability of counsel and court staff to be present in the courtroom, the time period of the continuances implemented by the General Order will be excluded under Speedy Trial Act, as the Court specifically finds that the ends of justice served by ordering the continuances outweigh the interest of the public and any defendant's right to a speedy trial pursuant to 18 U.S.C. Section 3161(h)(7)(A). Accordingly,
>
> 1. Jury trials will commence on a date to be announced, but no earlier than the month of August.

On August 25, 2020, the District issued a general order that would permit trials to again be placed on the Court's calendar:

> To accommodate trials and the effect of public health recommendations on the trials, the time period of the continuances implemented by the General Order will be excluded under Speedy Trial Act, as the Court specifically finds that the ends of justice served by ordering the continuances outweigh the interest of the public and any defendant's right to a speedy trial pursuant to 18 U.S.C. Section 3161(h)(7)(A). Accordingly,
>
> 1. Jury trials may commence on September 21, 2020 under the following conditions: 1) The Judge, Assistant U.S. Attorney, defendant, and defendant's counsel all must consent on the record to the commencement of the jury trial; 2) only one jury trial at a time, civil or criminal, will be conducted in each courthouse; and 3) the trial will not be any longer than one week. If a participant does not consent, it must be for a COVID related reason and included in the Court's "speedy trial" order pursuant to 18 U.S.C. Section 3161(h)(7)(A). If a participant has a non-COVID related reason, an appropriate motion for continuance must be filed with the Court.

On December 7, 2020, the District's general order noted the "exponential increase" in positive COVID cases. The order continued: "No jury trial will be commenced until on or after February 16, 2021. Any trial dates currently scheduled through February 15, 2021 are vacated."[1] On January 13, 2021, the General Order was updated to include: "No jury trial will be commenced until on or after April 5, 2021. Any trial dates currently scheduled through April 4, 2021 are vacated." A March 1, 2021 updated General Order allowed jury trials to commence on May 3, 2021.[2]

Thus, at the outset of Sharp's complaint proceedings, the District had six full months in which *no* trial could commence under any circumstance. By the time Sharp was indicted on January 28, 2021, jury trials were again placed on hold, this time until May 3, 2021. By that time period, the District had effectively not conducted jury trials for nearly 14 months due to the pandemic. As a result, during his initial hearings, Sharp could not receive a trial date because trials were prohibited by the District's general order. Consistent with the District's General Orders, the Court finds that these delays directly attributable to the pandemic are excludable. The Court specifically finds that the ends of justice served by ordering the continuances outweigh the interest of the public and any defendant's right to a speedy trial pursuant to 18 U.S.C. Section 3161(h)(7)(A). As a result, for Sharp, the time frame from his indictment through May 6, 2021 is undeniably excluded from any calculation.

The additional delay in bringing Sharp to trial to date is also directly attributable to the pandemic. As a result of the pandemic, the District did not conduct jury trials for more than a

---

1 Consistent with *all* of the General Orders discussed herein, the Order included an ends of justice finding to exclude the dates it covered.
2 For convenience, the Court has attached each of the District's General Orders to this Order.

year. As a result, a backlog began to build with multiple defendants awaiting trial. Then, when trials were permitted to resume, the Akron courthouse was permitted only one trial at a time. As a result, the calendars of two active District Judges had to be coordinated, effectively eliminating half of the trial dates for each District Judge. With that restriction in place, the undersigned began diligently assigning trial dates based upon the age of the indictments at issue. Following notice, if any, that Sharp intends to proceed to trial, he will be placed on the Court's trial calendar in its first opening.

Any and all delay in setting a trial date for Sharp is directly attributable to the pandemic and the backlog of trials it created. Accordingly, the Court finds that the ends of justice served by ordering the continuances outweigh the interest of the public and any defendant's right to a speedy trial. Sharp's motion to dismiss, therefore, is not well taken.

IT IS SO ORDERED.


Date: September 22, 2021  /s/ John R. Adams
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE