UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **United States of America,** | ) | **JUDGE JOHN R. ADAMS** |
| | ) | |
| **Plaintiff(s),** | ) | |
| | ) | **CASE NO. 1:21CR48** |
| vs. | ) | |
| | ) | |
| | ) | **ORDER** |
| **Kenneth Sharp,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendant(s).** | ) | |

Pending before the Court is Defendant Kenneth Sharp's motion for early termination of his supervised release. Doc. 118. Upon review, the motion is DENIED.

Under § 3853(e)(1), this Court may terminate a qualifying defendant's supervised release only after it considers certain § 3553(a) factors and determines that termination is "warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). For aid in interpreting § 3853(e)(1), the Sixth Circuit instructs this Court to look to an analogous provision in an adjacent section of the code. The Circuit has held that how it has interpreted § 3582(c)(2) is instructive for an approach to § 3583(e)(1). And in considering § 3582(c)(2), binding precedent has routinely and recently held that "the record must show that the district court 'reasoned through' [the defendant's nonfrivolous] arguments when ruling on a motion" even when the district court denies the defendant's motion. *United States v. Davis-Malone*, 128 F.4th 829, 834 (6th Cir. 2025) (quoting *United States v. Goodwin*, 87 F.4th 321, 327 (6th Cir. 2023)). In these cases, this Court need not "articulate its analysis of each sentencing factor as

long as the record demonstrates that the court considered the relevant factors." *United States v. Watkins*, 625 F.3d 277, 281 (6th Cir. 2010).

The Court has considered the totality of the §3553(a) factors when reviewing Sharp's motion. The Court acknowledges that Sharp has completed roughly 90% of his supervised release and is expected to be released from supervision on June 8, 2026. During his time on supervision, Sharp has obtained and maintained full-time employment and not been summoned before this Court for a violation. However, as recently as January 12, 2026, the day Sharp filed his motion for early termination, he tested positive for marijuana – a violation of the terms of his supervised release. While the Court has not taken formal action for this violation, it is especially concerning considering that Sharp's underlying conviction for felon in possession also involved marijuana use. Considering Sharp's recent relapse, the Court does not find it appropriate to terminate his supervision early.

Based upon the above, Sharp's motion for early termination of his supervised release is DENIED.

**IT IS SO ORDERED.**

**February 2, 2026**  /s/John R. Adams
**Date**  John R. Adams
  U.S. District Judge